UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| JAMES SWANN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 1:24-cv-186 |
| v. ) | |
| ) | Judge Travis R. McDonough |
| SULLIVAN COUNTY DISTRICT ) | |
| ATTORNEY, ) | Magistrate Judge Susan K. Lee |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

## MEMORANDUM OPINION

Plaintiff, an inmate in the Sullivan County Detention Center, has filed a complaint for violation of 42 U.S.C. § 1983 (Doc. 1), a prisoner trust fund statement (Doc. 2), and a motion for leave to proceed *in forma pauperis* (Doc. 6), and a supplement to the complaint (Doc. 7). For the reasons that follow, the Court finds that Plaintiff may not proceed as a pauper in this action, Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) will be **DENIED**, and this action will be dismissed.

### I.  28 U.S.C. § 1915(g) "THREE STRIKES"

Plaintiff is barred from proceeding *in forma pauperis* in this action because of the "three strikes" provision of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g). This provision provides that an inmate may not proceed *in forma pauperis* in a civil action if, as a prisoner, he has filed three or more cases that a court dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless "(he) is under imminent danger

of serious physical injury." 28 U.S.C. § 1915(g).

As a prisoner, Plaintiff has filed at least three cases that a Court dismissed for failure to state a claim upon which relief may be granted. *Swann v. Washington Cnty. Jail*, No. 1:22-CV-179, 2022 WL 4084416, at *1–2 (E.D. Tenn. Sept. 6, 2022) (listing cases) (citations omitted).

Accordingly, Plaintiff has accumulated at least three strikes under the PLRA and cannot file the instant suit, or any future suit, as a pauper unless he demonstrates that he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

## II.     IMMINENT DANGER EXCEPTION

The three strikes provision of the PLRA has an exception which allows a prisoner with three or more "strikes" to proceed *in forma pauperis* if his complaint contains "a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007). This imminent danger exception "is essentially a pleading requirement subject to the ordinary principles of notice pleading." *Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013) (quoting *Vandiver v. Vasbinder*, 416 F. App'x 560, 562 (6th Cir. 2011)). The exception applies where a court, informed by its "'judicial experience and common sense,' could 'draw the reasonable inference'" that a plaintiff faced an existing danger when he filed the pleading. *Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012)).

In his § 1983 complaint and supplement, Plaintiff alleges issues arising in criminal proceedings against him (Doc. 1, at 3–4; Doc. 7, at 1). These allegations do not allow this Court to draw a reasonable inference that Plaintiff was in imminent danger of serious physical injury when he filed his complaint. Accordingly, Plaintiff may not proceed as a pauper in these proceedings.

2

### III. CONCLUSION

For the reasons set forth above, Plaintiff's motion to proceed *in forma pauperis* (Doc. 6) will be **DENIED** pursuant to § 1915(g), and the instant action will be **DISMISSED** without prejudice to Plaintiff paying the filing fee in full. *See In re Alea*, 286 F.3d 378, 381 (6th Cir. 2002) (noting that prisoner's obligation to pay filing fee arises when complaint delivered to district court clerk). Accordingly, this case will be **CLOSED**.

Also, the Court **CERTIFIES** that any appeal from this decision would not be taken in good faith and would be totally frivolous, such that any request for leave to proceed *in forma pauperis* on any subsequent appeal will be **DENIED**.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**